Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| B BILLBOARD BG, LLC.<br><br>Peticionario<br><br>v.<br><br>OUT OF HOME MEDIA, LLC.<br><br>Recurrido | KLCE202400955 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV06506<br><br>Sobre: Procedimiento Especial al Amparo del Artículo 14.1 de la Ley núm.: 161-2009 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

El Tribunal de Primera Instancia ("TPI") condenó a una parte demandante al pago de honorarios bajo una ley especial que lo permite en casos excepcionales. Concluimos que erró el TPI, pues dicho foro no estaba en posición de concluir que la postura de la demandante carecía de "mérito y razonabilidad", o que la misma carecía de "fundamento en ley".

I.

En julio de 2023, B Billboard (la "Demandante") presentó la acción de referencia, sobre *injunction estatutario* (la "Demanda"), al amparo del Artículo 14.1 de la Ley 161-2009, Ley para la Reforma del Proceso de Permisos de Puerto Rico ("Ley 161"), 23 LPRA sec. 9024 ("Artículo 14.1"), en contra de Out of Home Media, LLC (la "Demandada").

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202300842).

La Demandante solicitó que se ordenara la paralización del uso de una valla publicitaria ubicada en San Juan, pues la misma se operaba sin que existiese el correspondiente permiso. Alegó que estaba legitimada para presentar el *injunction estatutario* debido a que es una entidad competidora directa que tiene derecho propietario como dueña de una valla publicitaria localizada a 2,600 pies de la valla que opera la Demandada.

En lo pertinente, en agosto de 2023, el TPI dictó una Sentencia (la "Sentencia"), mediante la cual desestimó la Demanda. El TPI descansó en que la Demandante carecía de legitimación activa, por no haber establecido en qué medida se afectaba adversamente por la valla publicitaria en controversia.

La Demandante apeló la Sentencia, y este Tribunal confirmó la misma (Sentencia de 8 de noviembre de 2023, KLAN202300842, o la "Sentencia del TA").

La Demandante solicitó al Tribunal Supremo que revisara la Sentencia del TA. No obstante, mediante una Orden de 22 de mayo de 2024, el Tribunal Supremo, por votación de 3-2, determinó no expedir el auto solicitado. El Juez Asociado señor Estrella Martínez emitió un voto disidente de 21 páginas, al cual se unió la Jueza Presidenta Oronoz Rodríguez.

Mientras tanto, en agosto de 2023, la Demandada le había solicitado al TPI que le impusiera honorarios de abogado a la Demandante por la cuantía de $12,572.50 (la "Solicitud Anterior"). Ello porque la Demandante "no logró acreditar que [tuviese] legitimación activa para incoar el presente caso".

Mediante una Resolución de 12 de septiembre de 2023 (la "Determinación Anterior"), **el TPI denegó la Solicitud Anterior**. El TPI razonó que no estaban "presentes los elementos para ello de conformidad con el Art. 14.1 de la Ley Núm. 161-2009". Ello porque "no es posible concluir en estos momentos que la petición de epígrafe

carecía totalmente de méritos. Más bien el Tribunal decretó el archivo del caso por un asunto de justiciabilidad y legitimación activa, por lo que no dirimió los méritos particulares de la petición."

El 1 de julio de 2024, luego de concluido el proceso de revisión apelativa de la Sentencia, la Demandante reanudó su solicitud de honorarios de abogado (la "Moción"). Solicitó la imposición de $13,910.00 por dicho concepto. Sustentó su pedido sobre la base de que las "reclamaciones [de la Demandante], tanto en etapa de instancia, como en etapas apelativas, fueron totalmente carentes de méritos y razonabilidad".

Mediante una Orden notificada el 19 de julio (la "Orden"), el TPI (por conducto de un juez distinto a quien atendió la Solicitud Anterior) declaró con lugar la Moción y, así, condenó a la Demandante a satisfacer $13,910.00 a la Demandada. El TPI no explicó el razonamiento que habría sustentado esta determinación.

El 5 de agosto (lunes), la Demandante solicitó la reconsideración de la Orden, lo cual fue denegado por el TPI mediante una Resolución notificada el 6 de agosto.

Inconforme, el 5 de septiembre, la Demandante presentó el recurso que nos ocupa. Planteó que: (i) ya el TPI había denegado, a través de la Determinación Anterior, la solicitud de honorarios de abogado de la Demandada; (ii) ningún foro judicial llegó a pasar juicio sobre los méritos de lo planteado en la Demanda; y (iii) el asunto de legitimación activa fue objeto de posturas divergentes en el foro judicial, pues la decisión fue dividida en este Tribunal (2-1) y en el Tribunal Supremo (3-2), por lo cual no podía concluirse que estuviésemos ante una situación de ausencia de "mérito y razonabilidad".

Mediante una Resolución, le ordenamos a la Demandada mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Orden.

La Demandada compareció; en esencia, arguyó que, en los méritos, la Demanda carecía de mérito, pues la valla en controversia sí contaba con un "permiso válido y vigente"[2]. Resolvemos.

II.

Concluimos que erró el TPI al conceder honorarios de abogado en este caso y así apartarse de la acertada Determinación Anterior. Veamos.

Como cuestión de umbral, no existía razón de peso para que el TPI ignorara la Determinación Anterior, mediante la cual dicho foro ya había denegado, de forma debidamente fundamentada, la Solicitud Anterior. Al contrario, lo sucedido luego de emitida la Determinación Anterior en todo caso fortalecía la corrección de la misma, pues las decisiones en los foros apelativos, en cuanto al único asunto que fue adjudicado judicialmente, fue sumamente dividida. Más aún, el TPI, al emitir la Orden, no explicó su razonamiento, ni mucho menos por qué había determinado apartarse de la ley del caso.

Por otra parte, de conformidad con el Artículo 14.1 de la Ley 161, 23 LPRA sec. 9024, solo procede una condena de honorarios de abogado cuando la petición "resulta carente de mérito y razonabilidad o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley".

En este caso, no es posible concluir que la Demanda careciera de méritos. Ello porque el caso se resolvió sin que tribunal alguno adjudicara dicha controversia. Los foros judiciales se limitaron a desestimar el caso por un asunto de justiciabilidad. Contrario a lo pretendido por la Demandada, no es viable que, luego de una

---

[2] La Demandada también solicitó la desestimación del recurso porque, al notificársele el mismo por la vía electrónica, no se incluyó el apéndice del mismo. Hemos determinado denegar dicha solicitud. Los defectos en la notificación de un recurso no conllevan la desestimación automática del mismo. En este caso, la Demandante corrigió el defecto luego de presentado el recurso y no se ha planteado que los derechos de la Demandada se hayan visto afectados por la dilación.

sentencia que ya es final y firme, y solo para adjudicar una solicitud de honorarios de abogado, el tribunal re-abra el caso para entonces dilucidar los méritos del mismo.

En cuanto al asunto que sí fue adjudicado en contra de la Demandante, tampoco podía el TPI concluir que la postura al respecto de dicha parte resultase carente de mérito, razonabilidad o fundamento en ley. Basta con señalar que la postura de la Demandante, sobre justiciabilidad, fue considerada correcta por uno de los tres integrantes del panel que emitió la Sentencia del TA y por dos de los cinco integrantes del panel del Tribunal Supremo que consideró el asunto.

III.

Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la Orden recurrida, por lo cual la parte demandante no tendrá que satisfacer honorarios de abogado a la parte demandada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones